65028. HARDY v. VALLEY FORGE INSURANCE COMPANY.

SHULMAN, Chief Judge.

The facts of this case are undisputed. Appellant, a pedestrian, was injured in Georgia by an automobile being driven by appellee's insured, a resident of Pennsylvania. The automobile was not owned by appellee's insured, and appellant recovered $10,000 in personal injury protection ("PIP") benefits (Code Ann. Ch. 56-34B (OCGA Ch. 33-34)) from the car owner's insurer. Appellant then brought this action to recover PIP benefits from appellee.

The Pennsylvania insurance policy issued by appellee to the driver of the insured vehicle defines "covered person" for PIP benefits as "(a) [the named insured] or any family member who sustains injury while occupying, or as a pedestrian struck by, any auto; (b) any other person who sustains injury (1) while occupying, or as a pedestrian struck by, the covered auto; or (2) while occupying an

auto not owned by, but operated by [the insured] or a family member, other than a public or livery conveyance, if the bodily injury results from the operation of the auto by [the insured] or a family member." "Covered auto" is defined as "a vehicle (a) to which the liability coverage of the policy applies and for which a specific premium is charged, and (b) for which [the insured] maintain[s] security as required under the Pennsylvania No-Fault Motor Vehicle Insurance Act."

The trial court granted appellee's motion for summary judgment. Although the basis of the award is unclear, it appears that the court relied, not on the above provisions, but on a policy provision specifically excluding injury to "any pedestrian other than [the insured] or any family member, if the accident occurs outside the Commonwealth of Pennsylvania." Appellant argues on appeal that this exclusion contravenes Code Ann. § 56-3405b (a) (2) (OCGA § 33-34-3 (a) (2)) and enumerates as error the trial court's grant of appellee's motion for summary judgment and denial of his partial motion for summary judgment.

The subject insurance policy clearly leaves appellant out of the class of "covered persons," since he is not a named insured or family member of the named insured, or "any other person . . . struck by, the covered auto" or "occupying an auto . . . operated by [the insured] or a family member." Moreover, appellant, as a pedestrian hit outside of Pennsylvania, is specifically excluded from coverage under that policy. Appellant argues, however, that the exclusions are unenforceable because the policy, with the exclusions enforced, would fail to provide the coverage required under the Georgia No-Fault Act. OCGA § 33-34-3 (a) (2) provides: "[A]ll . . . policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies or contracts of insurance is involved in a motor vehicle accident in this state." However, Code Ann. § 56-3407b (OCGA § 33-34-7) does not require insurers to cover injuries to a pedestrian who is struck by a vehicle driven by, but not owned by, the insured. *Standard Guaranty Ins. Co. v. Davis,* 145 Ga. App. 147, 149 (243 SE2d 531). The Code section requires the *owner's* policy to cover such injuries (OCGA § 33-34-7 (a) (3)), and appellant has recovered in excess of the minimum benefits from the owner's policy.

Since appellee's No-Fault policy provisions do not cover appellant's injuries, and since that coverage is not required pursuant to the Georgia No-Fault Act, the trial court properly granted appellee's motion for summary judgment and denied appellant's motion for partial summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

496

*George B. Rushing,* for appellant.

*William Byrd Warlick, Charles C. Stebbins III,* for appellee.